UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

Daniel Wynne,

        Plaintiff,

v.

Navient Solutions, Inc. aka Sallie Mae,

        Defendant.

Civil Action No.: 1:16-cv-1220 (BKS/CFH)

**COMPLAINT**

For this Complaint, Plaintiff, Daniel Wynne, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. Plaintiff, Daniel Wynne ("Plaintiff"), is an adult individual residing in Riverside, Rhode Island, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

4. Defendant Navient Solutions, Inc. aka Sallie Mae ("Navient"), is a Virginia business entity with an address of 300 Continental Drive, Newark, Delaware 19713, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

## FACTS

5. Within the last year, Navient began calling Plaintiff's cellular telephone, number 401-xxx-0899.

6. When Plaintiff answered the calls from Navient, he heard a prerecorded message.

7. Plaintiff does not have an account with Navient.

8. Plaintiff never provided his cellular telephone number to Navient and never provided his consent to receive automated calls from Navient.

9. In addition, on or about June 29, 2016 Plaintiff spoke with a Navient representative and advised that he was being called in error. As such, Plaintiff demanded that all calls to him cease.

10. Nevertheless, Navient continued to place automated calls to Plaintiff's cellular telephone number.

## COUNT I
## VIOLATIONS OF THE TCPA – 47 U.S.C. § 227, *ET SEQ.*

11. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

12. At all times mentioned herein, Defendant called Plaintiff's cellular telephone number using an automatic telephone dialing system ("ATDS" or "predictive dialer) and/or using a prerecorded or artificial voice.

13. Defendant continued to place automated calls to Plaintiff's cellular telephone number despite knowing that it lacked consent to do so. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

14. The telephone number called by Defendant was assigned to a cellular telephone service for which Plaintiff incurs charges pursuant to 47 U.S.C. § 227(b)(1).

15. Plaintiff was annoyed, harassed and inconvenienced by Defendant's continued calls.

16. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

17. Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

18. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

A. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

B. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

C. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: October 6, 2016

Respectfully submitted,

By /s/ Sergei Lemberg

Sergei Lemberg (SL 6331)
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Attorneys for Plaintiff